IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. 4:26-cv-03666-JD-PJG

| | | |
|---|---|---|
| Willie Muldrow, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| Schaeffler Group USA, Inc., | ) | |
| | ) | (JURY TRIAL DEMANDED) |
| Defendant. | ) | |
| | ) | |

This action is brought to remedy discrimination on the basis of race and sex in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq. (Title VII). This Court has jurisdiction of this matter under 42 U.S.C. §2000e-5(f), and under 28 U.S.C. §§1331 and 1343(4).

1. Plaintiff is an African American male citizen of the United States and a resident of Darlington County, South Carolina.

2. Plaintiff is informed and believes that Defendant, Schaeffler Group USA Inc., (hereinafter "Schaeffler"), is a corporation formed in Delaware and operating an industrial plant in Cheraw, South Carolina 29520.

3. Defendant is an employer within the meaning of 42 U.S.C. § 2000e-(b) as Defendant is engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

4. On or about May 28, 2026, the Equal Employment Opportunity Commission issued Plaintiff a notice informing him of his right to sue defendant regarding his charge of race and sex discrimination against Defendant, EEOC Charge 436-2026-02237.

5. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of this Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e - 5(f)(3).

6. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district, and because all of the acts underlying this lawsuit occurred in this district.

7. Plaintiff was employed by Defendant Schaeffler from March 10, 2024 to July 18, 2025, with the last position held of Shift Leader.

8. Plaintiff was performing satisfactorily with no known history of significant discipline or negative performance reviews.

9. While employed as the Shift Leader for defendant, on July 13, 2025, some female employees of defendant indicated some chairs appeared to be discarded and they wished to take the chairs home, to which Plaintiff did not object if the chairs were being discarded.

10. Plaintiff believed the chairs were in an area near trash or discarded items and he trusted that the female employees, who had been employed for a long time with Defendant, had made the proper inquiries about the chairs before taking them.

11. When Defendant HR manager learned the chairs were taken, she also learned that the females were of the mistaken belief the chairs had been discarded because a cleaning lady told them they were discarded.

12. The Defendant HR manager, knowing the misunderstanding of the female employees, contacted law enforcement to pursue criminal charges against Plaintiff, who had neither taken any chairs nor communicated to anyone the chairs had been discarded.

13. Defendant then terminated Plaintiff over the chairs that were taken and returned by the female employees and the reason given for Plaintiff’s separation was violation of company policy, unethical conduct.

14. The female employees were not terminated for this incident.

15. Plaintiff is aware of other caucasian employees who caused damage to the company and/or committed policy violations and remain employed and law enforcement was not called about their conduct.

16. Plaintiff was treated differently with respect to discipline than employees of a different race and gender.

17. Plaintiff was held to a different employment standard than female and caucasian employees of Defendant with respect to enforcement of policy and procedures and discipline.

18. Defendant's acts of discrimination within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

19. Defendant's facially neutral policies and procedures were applied in a discriminatory manner and in a manner which had a disparate impact on Plaintiff.

20. Plaintiff was subjected to the discriminatory practices of his employer. As a result of the acts of discrimination based on race and gender, Plaintiff has suffered financial and emotional distress, impaired reputation and the loss of that employment and potentially future employment opportunities.

**FIRST CAUSE OF ACTION**
**(Discrimination based on Race and Sex in Violation of Title VII)**

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 of this Complaint.

22. Plaintiff, an African American male, was employed with Defendant and performing satisfactorily, when he was terminated for reasons that are pretext for race and sex discrimination.

23. Plaintiff was employed with Defendant from 2014 - 2025, most recently as a Shift Leader. During that time, Defendant never made Plaintiff aware of any performance issues as Plaintiff has little to no history of significant discipline. Therefore, Plaintiff was performing satisfactorily for Defendant.

24. Defendant, through its employees, engaged in race and sex discrimination through the adverse employment action of calling law enforcement on Plaintiff and enforcing policies only for Plaintiff and terminating Plaintiff for alleged unethical conduct.

25. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of sex and race in violation of Title VII, as female and

caucasian employees were not subjected to adverse employment actions of selective enforcement of policies, law enforcement presence and investigation, and immediate termination for the same or similar violations of company policy.

26. The female employees engaged in the same incident as Plaintiff were not terminated for the same conduct that Plaintiff engaged in, and more, as they actually took the chairs from the property and Plaintiff took no chairs.

27. Defendant's acts of discrimination within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

28. As a result of the acts of discrimination within Defendant's employment practices and work environment, Plaintiff has suffered financial, emotional and reputational harm, as well as loss of income as a result of wrongful termination based on disparate treatment.

29. Plaintiff is now suffering, and will continue to suffer irreparable injury, damage to his reputation and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. For a money judgment representing compensatory damages, including lost wages, past and future wages, and all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts;

B. For lost money and damages pertaining to out of pocket expenses, especially related to, but not limited to, insurance payments for COBRA, and those damages for being forced to lose or sell real and/or personal properties;

C. For cost of suit, including an award of reasonable attorney fees as provided by §706(k) of Title VII, 42 U.S.C. §2000e-6(k);

D. For a money judgment representing punitive damages for Defendant's willful violations of law;

E. For a money judgment representing pre-judgment interest, if applicable;

F. Reinstatement and restoration of benefits upon conditions that Plaintiff's supervisors be enjoined to comply with the law; and,

G. Award Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By: s/ Pheobe A. Clark
**Pheobe A. Clark**
Federal ID No. 9888
Post Office Box 13057
Florence, SC 29504-3057
Phone: (843) 669-5634
Fax: (843) 669-5150

August 25, 2026